SHAKED LAW GROUP, P.C.
Dan Shaked (DS-3331)
14 Harwood Court, Suite 415
Scarsdale, NY 10583
Tel. (917) 373-9128
Email: ShakedLawGroup@gmail.com
*Attorneys for Plaintiff and the Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KAHLIMAH JONES, Individually and as the
representative of a class of similarly situated persons,

                             Plaintiff,

              - against -

CREW INTERNATIONAL LLC d/b/a Cali White,

                       Defendant.
-----------------------------------------------------------X

Case No. 20-cv-6102

**CLASS ACTION COMPLAINT**

Plaintiff, KAHLIMAH JONES. (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned attorney, hereby files this Class Action Complaint against Defendant Crew International LLC d/b/a Cali White (hereinafter "Crew" or "Defendant"), and states as follows:

## INTRODUCTION

1.      This class action seeks to put an end to systemic civil rights violations committed by Defendant against deaf and hard-of-hearing individuals in New York State and across the United States.  Defendant denies deaf and hard-of-hearing individuals throughout the United States equal access to the goods and services that it provides to non-disabled individuals, through http://www.caliwhite.com (hereinafter the "Website") and related domains owned by Defendant. Defendant provides a wide array of goods and services to the public through its Website. However, the Website contains access barriers that make it difficult for deaf and hard-of-hearing individuals to use the Website. In fact, the access barriers make it impossible for deaf and hard-of-hearing users to

comprehend the audio portion of videos that are posted on the Website. Defendant thus excludes the deaf and hard of hearing from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive technology is becoming an increasingly prominent part of everyday life, allowing deaf and hard-of-hearing people to fully and independently access a variety of services, including online videos.

2.    Plaintiff, who currently lives in New York City, is a deaf individual. She brings this civil rights class action lawsuit against Defendant for failing to design, construct, and/or own or operate a website that is fully accessible to, and independently usable by, deaf and hard-of-hearing people.

3.    Approximately 36 million people in the United States are deaf or hard of hearing. Many of these individuals require captioning to meaningfully comprehend the audio portion of video content. Just as buildings without ramps bar people who use wheelchairs, video content without captions excludes deaf and hard-of-hearing individuals. Closed captioning is a viewer-activated system that displays text on, for instance, online videos, television programming, or DVD movies. This is different from open captioning or subtitles, which are burned into the video file and automatically displayed for everyone to see, such as subtitles in foreign language movies. With closed captioning, deaf and hard-of-hearing individuals have the opportunity to watch videos by reading the captioned text.

4.    Deaf and hard-of-hearing people watch videos just as aurally capable people do. The lack of closed captioning means that deaf and hard-of-hearing people are excluded from the rapidly expanding Internet media industry and from independently accessing videos posted on the Website.

5.    Despite readily available accessible technology, such as the technology in use at other heavily trafficked websites, which makes use of closed captioning for hard-of-hearing individuals, such as YouTube and Netflix, Defendant has chosen to post videos without closed

captioning, or with limited closed captioning, that are inaccessible to deaf and hard-of-hearing individuals. Without closed captioning, deaf and hard-of-hearing people cannot comprehend the audio portion of the videos on the Website.

6.   By failing to make the Website accessible to deaf and hard-of-hearing persons, Defendant is violating basic equal access requirements under both state and federal law.

7.   Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to deaf and hard-of-hearing individuals. Similarly, New York state law requires places of public accommodation to ensure access to goods, services, and facilities by making reasonable accommodations for persons with disabilities.

8.   Plaintiff was interested in learning about and purchasing the teeth whitening device and toothpaste offered by Defendant.   During December, 2020, Plaintiff visited the Website on numerous occasions and browsed and intended to watch the "How to Videos" about how to use the products including the videos entitled "Whitening Kits" and "Charcoal Power Kit" amongst other videos about defendant's products and services on the Website.   However, unless Defendant remedies the numerous access barriers on the Website, Plaintiff and Class members will continue to be unable to independently watch videos on the Website.

9.   This complaint seeks declaratory and injunctive relief to correct Defendant's policies and practices to include measures necessary to ensure compliance with federal and state law, to include monitoring of such measures, and to update and remove accessibility barriers on the Website so that Plaintiff and the proposed Class and Subclass individuals who are deaf and hard of hearing will be able to independently and privately view videos posted on the Website. This complaint also

seeks compensatory damages to compensate Class members for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA"); and

11.     28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(1)(B), in which a member of the putative Class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d).

12.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 *et seq.*) and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq.* ("City Law").

13.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a).

14.     Venue is proper in the Eastern District of New York because a substantial part of the acts and omissions giving rise to Plaintiff's claims have occurred in the Eastern District of New York. Specifically, Plaintiff attempted to browse and view videos on the Website in Kings County. Defendant has been and is committing the acts alleged herein in the Eastern District of New York and has been and is violating the rights of consumers in the Eastern District of New York.

15.     Several judges support the decision to place the venue in the district in which Plaintiff tried and failed to access the Website. In *Access Now, Inc. v. Otter Products, LLC*, 280 F. Supp. 3d 287 (D. Mass. 2017), Judge Patti B. Saris ruled that "although the website may have been

created and operated outside of the district, the attempts to access the website in Massachusetts are part of the sequence of events underlying the claim. Therefore, venue is proper in [the District of Massachusetts]." *Otter Prods.*, 280 F. Supp. 3d at 294. This satisfies Due Process because "the harm—the barred access to the website—occurred here." *Otter Prods.*, 280 F. Supp. 3d at 293. Additionally, in *Access Now, Inc. v. Sportswear, Inc.*, No. 17-cv-11211-NMG, 2018 U.S. Dist. LEXIS 47318 (D. Mass. Mar. 22, 2018), Judge Nathaniel M. Gorton stated that the defendant "availed itself of the forum state's economic activities by targeting the residents of the Commonwealth . . . . Such targeting evinces a voluntary attempt to appeal to the customer base in the forum." *Sportswear*, No. 1:17-cv-11211-NMG, 2018 U.S. Dist. LEXIS 47318, at *11. Thus, establishing a customer base in a particular district is sufficient cause for venue placement. Similarly, in *Plixer International, Inc. v. Scrutinizer GmbH*, No. 2:16-cv-578-DBH, 2017 U.S. Dist. LEXIS 172355 (D. Me. Oct. 18, 2017), Judge D. Brock Hornby asserted that the "defendant can be said to have wanted, if not targeted, business outside its home country" because it had "accepted recurrent business from the United States in a substantial amount, and . . . it did so knowingly." *Plixer Int'l*, No. 2:16-cv-578-DBH, 2017 U.S. Dist. LEXIS 172355, at *13-15.

## PARTIES

16.     Plaintiff is and has been at all times material hereto a resident of Kings County, State of New York.

17.     Plaintiff is legally deaf and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR § 36.101 *et seq.*, the New York State Human Rights Law, and the New York City Human Rights Law. Plaintiff cannot access the audio portion of a video without the assistance of closed captioning. Plaintiff has been denied the full enjoyment of the facilities, goods, and services of the Website, as a result of its accessibility barriers. Most recently in December 2020, Plaintiff attempted to watch numerous "how to videos" about defendant's products on the Websites. The

inaccessibility of the Website has deterred her and Class members from watching videos on the Website.

18.    Defendant, Crew International LLC, is a Florida Foreign Limited Liability Company doing business in New York with a principal place of business located at 305 Park Avenue, Satellite Beach, FL 32937.

19.    The failure of Defendant to provide equal access to deaf and hard-of-hearing individuals violates the mandate of the ADA to provide "full and equal enjoyment" of a public accommodation's goods, services, facilities, and privileges. Places of public accommodation include, "place[s] of exhibition and entertainment," "places[s] of recreation," and "service establishments." 28 C.F.R. § 36.201 (a); 42 U.S.C. §12181 (7). Because the Website is a "place of public accommodation," denial of equal access to the videos available to hearing individuals violates the ADA. Remedying that violation is critical to the ADA's goal of providing people with disabilities the same access that others take for granted. Accordingly, Plaintiff seeks injunctive and declaratory relief to ensure that deaf and hard-of-hearing individuals have equal access to the Website.

20.    Plaintiff seeks full and equal access to the goods and services provided by Defendant through the Website.

## CLASS ACTION ALLEGATIONS

21.    Plaintiff, on behalf of herself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally deaf and hard-of-hearing individuals in the United States who have attempted to access the Website and as a result have been denied access to the enjoyment of goods and services offered by the Website during the relevant statutory period."

22.     Plaintiff seeks certification of the following New York subclass pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally deaf and hard-of-hearing individuals in New York State who have attempted to access the Website and as a result have been denied access to the enjoyment of goods and services offered by the Website, during the relevant statutory period."

23.     There are hundreds of thousands of deaf or hard-of-hearing individuals in New York State. There are approximately 36 million people in the United States who are deaf or hard of hearing. Thus, the persons in the Class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

24.     This case arises out of Defendant's policy and practice of maintaining an inaccessible website denying deaf and hard-of-hearing persons access to the goods and services of the Website. Due to Defendant's policy and practice of failing to remove access barriers, deaf and hard-of-hearing persons have been and are being denied full and equal access to independently browse and watch videos on the Website.

25. There are common questions of law and fact common to the class, including without limitation, the following:

a. Whether the Website is a "public accommodation" under the ADA;

b. Whether the Website is a "place or provider of public accommodation" under the laws of New York;

c. Whether Defendant through the Website denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with hearing disabilities in violation of the ADA; and

d. Whether Defendant through the Website denies the full and equal enjoyment of its

goods, services, facilities, privileges, advantages, or accommodations to people with hearing disabilities in violation of the laws of New York.

26.     The claims of the named Plaintiff are typical of those of the Class. The Class, similarly to the Plaintiff, are deaf or hard of hearing, and claim that Defendant has violated the ADA, and/or the laws of New York by failing to update or remove access barriers on the Website, so it can be independently accessible to the Class of people who are legally deaf or hard of hearing.

27.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the Class. Class certification of the claims is appropriate pursuant to Fed. R. Civ P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

28. Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual Class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

29.     Judicial efficiency will be served by maintenance of this lawsuit as a class action in that it will avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with hearing disabilities throughout the United States.

30.     References to Plaintiff shall be deemed to include the named Plaintiff and each member of the Class, unless otherwise indicated.

## FACTUAL ALLEGATIONS

31.     Defendant operates the Website, which is an online information and sales website concerning teeth whitening devices and toothpaste. The Website allows visitors to learn about the teeth whitening products sold by Defendant and see and listen to videos in order to learn about the benefits and advantages of the products and how to use them properly, amongst other features.   Visitors to the Website can purchase teeth whitening toothpaste, teeth whitening kits, teeth whitening pens, teeth whitening strips, and other related products.   Millions of people across the United States visit the Website and view the videos on the website.

32.     The Website is a service and benefit offered by Defendant throughout the United States, including New York State. The Website is owned, controlled and/or operated by Defendant.

33.     The Website allows users to learn about the various teeth whitening products, learn about the formula, and the benefits and advantages of the products and how to use and apply the products, and watch videos about the products.   Defendant's videos are available with the click of a mouse and are played through the Internet on computers, cell phones, and other electronic devices.

34.     This case arises out of Defendant's policy and practice of denying the deaf and hard of hearing full and equal access to the Website, including the goods and services offered by Defendant through the Website. Due to Defendant's failure and refusal to remove access barriers to the Website, deaf and hard-of-hearing individuals have been and are being denied equal access to the Website, as well as to the numerous goods, services and benefits offered to the public through the Website.

35.     Defendant denies the deaf and hard of hearing access to goods, services, and information made available through the Website by preventing them from freely enjoying, interpreting, and understanding the content on the Website.

36.    The Internet has become a significant source of information for conducting business and for doing everyday activities such as reading news, watching videos, etc., for deaf and hard-of-hearing persons.

37.    The deaf and hard of hearing access videos through closed captioning, which is a transcription or translation of the audio portion of a video as it occurs, sometimes including description of non-speech elements. Except for a deaf or hard-of-hearing person whose residual hearing is still sufficient to apprehend the audio portion of the video, closed captioning provides the only method by which a deaf or hard-of-hearing person can independently access the video. Unless websites are designed to allow for use in this manner, deaf and hard-of-hearing persons are unable to fully access the service provided through the videos on the Website.

38.    There are well-established guidelines for making websites accessible to disabled people. These guidelines have been in place for several years and have been followed successfully by other large business entities in making their websites accessible. The Web Accessibility Initiative ("WAI"), a project of the World Wide Web Consortium which is the leading standards organization of the Web, has developed guidelines for website accessibility, called the Web Content Accessibility Guidelines ("WCAG"). The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including but not limited to adding closed captioning to video content.

39.    The Website contains access barriers that prevent free and full use by Plaintiff and other deaf or hard-of-hearing persons, including but not limited to the lack of closed captioning. This barrier is in violation of WCAG 2.1 Guideline 1.2.2, which mandates that video content contain captioning.

40. The Website contains important and useful videos that lack captioning. The videos contain important and useful information about specific products such as how to safely and properly use the products.   The first video that Plaintiff attempted to listen to was about the Whitening Kits.   The video contained important information about the product and to safely use it.   Upon information and belief, the information provided in this video is not available anywhere else on the Website.   This video did not contain closed captioning as can be seen from the screenshot taken on December 15, 2020:



The second video that Plaintiff attempted to watch was about the Charcoal Powder Kit. The video provides important product information including the benefits of the product and how to use it properly and safely.   Upon information and belief, the information provided in this video is not provided elsewhere.   This video did not contain closed captioning as can be seen from the screenshot taken on December 15, 2020:

## Charcoal Powder Kit



These videos do not contain closed captioning. The lack of captioning prevents Plaintiff and other deaf or hard-of-hearing people from understanding the content of the videos, thus preventing them from learning about Defendant's product and how to use them properly and safely.

41.     Due to the Website's inaccessibility, Plaintiff and other deaf or hard-of-hearing individuals must in turn spend time, energy, and/or money to apprehend the audio portion of the videos offered by Defendant. Some deaf and hard-of-hearing individuals may require an interpreter to apprehend the audio portion of the video or require assistance from their friends or family. By contrast, if the Website was accessible, a deaf or hard-of-hearing person could independently watch the videos and enjoy the services provided by Defendant as hearing individuals can and do.

42.     The Website thus contains access barriers which deny full and equal access to Plaintiff, who would otherwise use the Website and who would otherwise be able to fully and equally enjoy the benefits and services of the Website in New York State.

43.     Plaintiff attempted to watch the videos listed above, amongst other videos on the Website, most recently on December 15, 2020 but was unable to do so independently because of the lack of closed captioning on the Website, causing it to be inaccessible and not independently usable by deaf and hard-of-hearing individuals.

44.     As described above, Plaintiff has actual knowledge of the fact that the Website contains access barriers causing the Website to be inaccessible, and not independently usable by, deaf and hard-of-hearing individuals.

45.     These access barriers have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits, and services of Defendant and the Website.

46.     Defendant engages in acts of intentional discrimination, including but not limited to the following policies or practices:

(a) constructing and maintaining a website that is inaccessible to deaf and hard-of-hearing Class members with knowledge of the discrimination; and/or

(b) constructing and maintaining a website that is sufficiently intuitive and/or obviously inaccessible to deaf and hard-of-hearing Class members; and/or

(c) failing to take actions to correct access barriers in the face of substantial harm and discrimination to deaf and hard-of-hearing Class members.

47. Defendant utilizes standards, criteria, and methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. § 12181, *et seq.* — Title III of the Americans with Disabilities Act)
(on behalf of Plaintiff and the Class)

48.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

49.     Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

50.     Defendant operates a place of public accommodation as defined by Title III of ADA, 42 U.S.C. § 12181(7), a "place of education," a "place of exhibition or entertainment," a "place of recreation," and "service establishments."

51.     Defendant has failed to make its videos accessible to individuals who are deaf or hard of hearing by failing to provide closed captioning for videos displayed on the Website.

52.     Discrimination under Title III includes the denial of an opportunity for the person who is deaf or hard of hearing to participate in programs or services or providing a service that is not as effective as what is provided to others. 42 U.S.C. § 12182(b)(1)(A)(I-III).

53.     Discrimination specifically includes the failure to provide "effective communication" to deaf and hard-of-hearing individuals through auxiliary aids and services, such as captioning, pursuant to 42 U.S.C. § 12182(b)(1)(A)(III); 28 C.F.R. § 36.303(C).

54.     Discrimination also includes the failure to maintain accessible features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. §36.211.

55.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

56.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities and the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations, which is equal to the opportunities afforded to other individuals.

57.     Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

58.     In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

59.     The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. §

12101 *et seq.,* and the regulations promulgated thereunder. Individuals who are deaf and hard of

hearing have been denied full and equal access to the Website have not been provided services

that are provided to other patrons who are not disabled, and/or have been provided services that

are inferior to the services provided to non-disabled patrons.

60.     Defendant has failed to take any prompt and equitable steps to remedy its

discriminatory conduct. These violations are ongoing.

61.     Modifying its policies, practices, and services by providing closed captions to

make its videos accessible to deaf and hard-of-hearing individuals would not fundamentally alter

the nature of Defendant's business, nor would it pose an undue burden to this flourishing

company.

62.     As such, Defendant discriminates, and will continue in the future to discriminate

against Plaintiff and members of the proposed Class and Subclass on the basis of disability in the

full and equal enjoyment of the goods, services, facilities, privileges, advantages,

accommodations and/or opportunities of the Website in violation of Title III of the Americans

with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and/or its implementing regulations.

63.     Unless the Court enjoins Defendant from continuing to engage in these unlawful

practices, Plaintiff and members of the proposed Class and Subclass will continue to suffer

irreparable harm.

64.     The actions of Defendant were and are in violation of the ADA and therefore

Plaintiff invokes her statutory right to injunctive relief to remedy the discrimination.

65.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

66.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth

and incorporated therein Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

(Violation of New York State Human Rights Law, N.Y. Exec. Law,
Article 15 (Executive Law § 292 *et seq*.) (on behalf of Plaintiff and New York subclass)

67.     Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

68.     N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation . . . because of the . . . disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

69.     Defendant operates a place of public accommodation as defined by N.Y. Exec. Law § 292(9).

70.     Defendant is subject to New York Human Rights Law because it owns and operates the Website. Defendant is a person within the meaning of N.Y. Exec. Law § 292(1).

71.     Defendant is violating N.Y. Exec. Law § 296(2)(a) in refusing to update or remove access barriers to the Website, causing the videos displayed on the Website to be completely inaccessible to the deaf and hard of hearing. This inaccessibility denies deaf and hard-of-hearing patrons full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

72.     Specifically, under N.Y. Exec. Law § 296(2)(c)(I), unlawful discriminatory practice includes, among other things, "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations."

73.    In addition, under N.Y. Exec. Law § 296(2)(c)(II), unlawful discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

74.    Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the New York State Human Rights Law, N.Y. Exc. Law § 296(2) in that Defendant has:

(a) constructed and maintained a website that is inaccessible to deaf and hard-of-hearing Class members with knowledge of the discrimination; and/or

(b) constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to deaf and hard-of-hearing Class members; and/or

(c) failed to take actions to correct these access barriers in the face of substantial harm and discrimination to deaf and hard-of-hearing Class members.

75.    Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

76.    As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed Class and Subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website under § 296(2) *et seq.* and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the Subclass will continue to suffer irreparable harm.

77.     The actions of Defendant were and are in violation of New York State Human Rights Law and therefore Plaintiff invokes her right to injunctive relief to remedy the discrimination.

78.     Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y. Exc. Law § 297(4)(c) *et seq.* for each and every offense.

79.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

80.     Pursuant to N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION

(Violation of New York State Civil Rights Law, NY CLS Civ R,
Article 4 (CLS Civ R § 40 *et seq.*) (on behalf of Plaintiff and New York subclass)

81.     Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

82.     Plaintiff served notice thereof upon the attorney general as required by N.Y. Civil Rights Law § 41.

83.     N.Y. Civil Rights Law § 40 provides that "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No persons, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any such place shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities and privileges thereof . . . . "

84.     N.Y. Civil Rights Law § 40-c(2) provides that "no person because of . . . disability, as such term is defined in section two hundred ninety-two of executive law, be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in

section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision."

85.     The Website is a public accommodations within the definition of N.Y. Civil Rights Law § 40-c(2).

86.     Defendant is subject to New York Civil Rights Law because it owns and operates the Website. Defendant is a person within the meaning of N.Y. Civil Law § 40-c(2).

87.     Defendant is violating N.Y. Civil Rights Law § 40-c(2) in refusing to update or remove access barriers to the Website, causing videos on the Website to be completely inaccessible to the deaf and hard of hearing. This inaccessibility denies deaf and hard-of-hearing patrons full and equal access to the goods and services that Defendant makes available to the non-disabled public.

88.     In addition, N.Y. Civil Rights Law § 41 states that "any corporation which shall violate any of the provisions of sections forty, forty-a, forty-b or forty-two . . . shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby . . . . "

89.     Specifically, under N.Y. Civil Rights Law § 40-d, "any person who shall violate any of the provisions of the foregoing section, or subdivision three of section 240.30 or section 240.31 of the penal law, or who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside . . . . "

90.     Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

91.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed Class on the basis of disability are being directly or indirectly refused, withheld from, or denied the accommodations, advantages, facilities and privileges thereof in § 40 *et seq.* and/or its implementing regulations.

92.     Plaintiff is entitled to compensatory damages of five hundred dollars per instance, as well as civil penalties and fines pursuant to N.Y. Civil Law § 40 *et seq.* for each and every offense.

## FOURTH CAUSE OF ACTION

(Violation of New York City Human Rights Law, N.Y.C. Administrative Code § 8-102, *et seq.*)
(on behalf of Plaintiff and New York subclass)

93.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

94.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation . . . [b]ecause of any person's . . . disability . . . directly or indirectly . . . [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation."

95.     The Website is a public accommodation within the definition of N.Y.C. Administrative Code § 8-102.

96.     Defendant is subject to City Law because it owns and operates the Website. Defendant is a person within the meaning of N.Y.C. Administrative Code § 8-102.

97.     Defendant is violating N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to the Website, causing the Website and the services integrated

with the Website to be completely inaccessible to the deaf. This inaccessibility denies deaf

patrons full and equal access to the facilities, goods, and services that Defendant makes available

to the non-disabled public. Specifically, Defendant is required to "make reasonable

accommodation to the needs of persons with disabilities . . . it is an unlawful discriminatory

practice for any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on

the basis of disability not to provide a reasonable accommodation to enable a person with a

disability to . . . enjoy the right or rights in question provided that the disability is known or

should have been known by the covered entity." N.Y.C. Administrative Code § 8-107(15)(a).

98. Defendant's actions constitute willful intentional discrimination against the class

on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a) and §

8107(15)(a) in that Defendant has:   (a) constructed and maintained a website that is inaccessible

to deaf and hard-of-hearing Class members with knowledge of the discrimination; and/or

(b) constructed and maintained a website that is sufficiently intuitive and/or obvious that is

inaccessible to deaf and hard-of-hearing Class members; and/or

(c) failed to take actions to correct these access barriers in the face of substantial harm and

discrimination to deaf and hard-of-hearing Class members.

99. Defendant has failed to take any prompt and equitable steps to remedy its

discriminatory conduct. These violations are ongoing.

100. As such, Defendant discriminates, and will continue in the future to discriminate

against Plaintiff and members of the proposed Class and Subclass on the basis of disability in the

full and equal enjoyment of the goods, services, facilities, privileges, advantages,

accommodations, and/or opportunities of the Website under § 8-107(4)(a) and/or its

implementing regulations. Unless the Court enjoins Defendant from continuing to engage in

these unlawful practices, Plaintiff and members of the Subclass will continue to suffer irreparable harm.

101.    The actions of Defendant were and are in violation of City Law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

102.    Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense.

103.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

104.    Pursuant to N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

**FIFTH CAUSE OF ACTION**

(Declaratory Relief) (on behalf of Plaintiff and the Class)

105.    Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

106.    An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying deaf and hard-of-hearing individuals the full and equal access to the goods and services of the Website, which Defendant owns, operates, and/or controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq*., N.Y. Exec. Law § 296, *et seq.,* and N.Y.C. Administrative Code § 8-107, *et seq.* prohibiting discrimination against the deaf and hard of hearing.

107.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests relief as follows:

a)      A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York;

b)      A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Website fully compliant with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by deaf and hard-of-hearing individuals;

c)      A declaration that Defendant owns, maintains, and/or operates the Website in a manner which discriminates against the deaf and hard of hearing, and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York;

d)      An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

e)      Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed Subclass for violations of their civil rights under New York State Human Rights Law and City Law;

f)      Plaintiff's reasonable attorneys' fees, statutory damages, expenses, and costs of suit as provided by state and federal law;

g)      For pre- and post-judgment interest to the extent permitted by law; and

h)      For such other and further relief which this court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of

herself and all others similarly situated, demands a trial by jury on all questions of fact raised by

the Complaint.

Dated: Scarsdale, New York
      December 16, 2020

                                   SHAKED LAW GROUP, P.C.
                                   Attorneys for Plaintiff

               By:   */s/Dan Shaked*
                     Dan Shaked (DS-3331)
                     14 Harwood Court, Suite 415
                     Scarsdale, NY 10583
                     Tel. (917) 373-9128
                     e-mail: ShakedLawGroup@Gmail.com